**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELE WILLIAMS,

       Plaintiff,

v.                                                                  Case No. 07-14858
                                                                    Hon. Lawrence P. Zatkoff
CITY OF DETROIT, ROOSEVELT TIDWELL,
JOHN DOE I, JOHN DOE II, JOHN DOE III,
& ELLA BULLY-CUMMINGS,

       Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 17, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion to amend complaint [dkt 16]. The

parties have fully briefed the motion. The Court finds that the facts and legal arguments are

adequately presented in the parties' papers such that the decision process would not be significantly

aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED

that the motion be resolved on the briefs submitted. For the following reasons, Plaintiff's motion

to amend complaint is DENIED.

**II. BACKGROUND**

Plaintiff filed her claim alleging multiple violations of 42 U.S.C. § 1983 against Defendant

Roosevelt Tidwell, Defendant Ella Bully-Cummings, Defendant City of Detroit, and three unnamed

supervisors of Defendant Tidwell in the Detroit Police Department. The charges stem from an

alleged series of sexual assaults of Plaintiff by Defendant Tidwell. Plaintiff filed this motion, along with two others, on the eve of the discovery cut-off date.

Plaintiff's motion to amend complaint seeks to name the John Doe Defendants of the Detroit Police Department who were Defendant Tidwell's immediate supervisors. Plaintiff originally sought to add Detroit Police Lieutenants Allen, Williams, and Walton, and Commander Mobley. After reviewing Defendants' responses to her motion, Plaintiff redacted the allegations against Lieutenant Walton and Commander Mobley in her reply brief. Defendants argue that the motion is untimely and that Plaintiff has failed to state a claim against the proposed additional parties. In addition, Defendant Tidwell objects to the length of Plaintiff's reply, and in response, Plaintiff moves for leave to file excess pages or amend.

## III. LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) allows for amended pleadings, "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Among the Court's considerations in so deciding are "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A court's decision denying leave to amend is generally reviewed under the abuse-of-discretion standard. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). If, however, the court denies the amendment on the grounds of futility, the decision is reviewed *de novo*. *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986).

A motion to amend may be denied for futility if "the court concludes that the pleading as

2

amended could not withstand a motion to dismiss."  *Id*.  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

### A. TIMING

The Court first notes that at the March 27, 2008, scheduling conference, it was agreed that Plaintiff would name the John Doe Defendants within 66 days, or by June 1, 2008.  Plaintiff's motion to amend was filed over four months after this deadline, and an extension was never requested nor granted.  By waiting until the discovery deadline to file this motion, Plaintiff's success in adding two new parties would inevitably delay the proceedings, as two new parties would be added, which would require re-setting a new motion cut-off date, final pre-trial conference date, and trial month.  On the other hand, Defendants would suffer minimal prejudice by the amendment, as they were privy to the identity of Defendant Tidwell's supervisors throughout the proceedings. While the Court could deny the motion solely on these procedural grounds, the futility of the proposed amendment provides a more compelling reason for denial.

### B. INDIVIDUAL CAPACITY[1]

───────────────

[1]Neither the original complaint nor the proposed amendments specify whether Lieutenants Allen and Williams are named in their individual or official capacities.  Unless a party is on notice that it is named in an individual capacity, the Court will consider it named only in its official capacity.  Plaintiff's discussion of qualified immunity provides such notice, as qualified immunity is unavailable to those sued in their official capacity.  *See Garcia v. Dysktra*, 260 Fed. Appx. 887, 894-95 (6th Cir. 2008).  The Court therefore analyzes the viability of Plaintiff's claims under both theories.

The amended complaint seeks to name Lieutenants Allen and Williams as Defendants due to their alleged failures to properly train and supervise Defendant Tidwell.  Specifically, Plaintiff alleges that Defendants Allen and Williams (1) used outdated forms in their reviews of Defendant Tidwell; (2) did not properly review Defendant Tidwell nor properly supervise his time and actions; (3) failed to review Defendant Tidwell for 18 months after he returned from military duty even though reviews are required every 6 months; (4) failed to properly train Defendant Tidwell before assigning him field duty as a sergeant—a supervisory position; and (5) did not ensure that Defendant Tidwell completed the required probationary period as a sergeant.

### 1. Qualified Immunity

Government officials such as police officers are shielded from liability under the doctrine of qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Pierson v. Ray*, 386 U.S. 547 (1967).  In order to determine whether qualified immunity exists in a given case, the analysis is two-fold.  The Court must question whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The Court must also decide "whether the right was clearly established." *Id*.  To determine that a right is clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  It is within the Court's discretion to determine which of the two prongs should be addressed first. *See Pearson v. Callahan*, 555 U.S. ___, No. 07-751, slip op. at 10 (Jan. 21, 2009).  The burden is on Plaintiff to show that Lieutenants Allen and Williams would not be entitled to qualified

4

immunity.  *See Miller v. Admin. Office of Courts*, 448 F.3d 887, 894 (6th Cir. 2006).

Plaintiff alleges that Lieutenants Allen and Williams violated her clearly established rights under 28 U.S.C. § 1983 as a result of their failure to properly train and supervise Defendant Tidwell. The Court will investigate each alleged deprivation of rights to determine if that right has been violated.

### 2. Failure to Train

Section 1983 liability may attach on a failure-to-train theory, but "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).  More specifically,

> That a particular officer may be inadequately trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. . . .  Moreover, for liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury.

*Id*. at 390-91.

Numerous courts have concluded that a governmental entity or its officials are not required to train a police officer not to commit sexual assaults.  *See Lewis v. Pugh*, No. 6:06-CV-357, 2007 WL 1394145, at *6 (E.D. Tex. May 11, 2007), *aff'd*, 289 Fed. Appx. 767 (5th Cir. 2008) ("Indeed, it hardly seems necessary that an officer would require specific training to know that rape, sexual assault, and other blatantly criminal actions are inappropriate."); *Andrews v. Fowler*, 98 F.3d 1069, 1077 (8th Cir. 1996) ("[W]e cannot conclude that there was a patently obvious need for the city to specifically train officers not to rape young women."); *Breland v. City of Centerville, Ga.*, No. 5:07-cv-27, 2008 WL 2233595, at *3 (M.D. Ga. May 28, 2008) ("No training is required to teach police

5

officers not to commit sexual assaults.  Sexual assault is illegal, and police officers can reasonably be expected to know, without training, that they are not allowed to take sexual advantage of their prisoners.").

Even if a certain level of such training is necessary, Plaintiff's proposed amendment still falls short.  To the extent that Defendant Tidwell was not properly trained by Lieutenants Allen and Williams, this failure is not "closely related" to sexual assault.  *City of Canton*, 489 U.S. at 391; *see also Andrews*, 98 F.3d at 1077 ("[Plaintiff] simply cannot demonstrate the close relationship necessary to conclude that the city's failure to train [Defendant] *caused* him to rape [Plaintiff] or even raises a question of fact as to causation.").  Moreover, Plaintiff does not allege anyone beside "this particular officer" was improperly trained.  *City of Canton*, 489 U.S. at 391.

Therefore, even if Plaintiff were able to prove every fact in her complaint, the Court finds that she has not stated a valid cause of action for failure-to-train against Lieutenants Allen and Williams.  Accordingly, the Court concludes that amendment on this ground would be futile.

**3. Failure to Supervise**

Liability under § 1983 cannot be premised solely on the theory of *respondeat superior*. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76 (6th Cir. 1995) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Rizzo v. Goode*, 423 U.S. 362, 376 (1976). Likewise, liability does not exist when supervisors are "sloppy, reckless, or negligent" in the performance of their duties.  *Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002).  Instead, the Sixth Circuit enunciates the standard as follows:

> [The] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a

> plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff premises liability solely on the failure of Lieutenants Allen and Williams to require Defendant Tidwell to file his daily logs and their failure to regularly and properly review his work. At the same time, she considers the October 2006 review—which took place approximately one month before the assaults occurred—as "an implicit authorization, approval and knowingly [sic] acquiescence of the unsupervised and unconstitutional actions of Defendant Tidwell." *See* Proposed Amend. Comp. p.21.

Plaintiff alleges that Lieutenants Allen and Williams were required to review and supervise Defendant Tidwell and failed to perform these duties. The Sixth Circuit has declined to extend supervisor liability when the claim is based solely on the failure to supervise or the failure to review a subordinate's work. *See Gregory v. City of Louisville*, 444 F.3d 725, 751-52 (6th Cir. 2003). Moreover, "[i]f the defendants' inaction did not cause the plaintiff's harm . . . there can be no supervisory liability." *Lynn v. City of Detroit*, 98 Fed. Appx. 381, 387 (6th Cir. 2004).

Although the Sixth Circuit has upheld claims of liability for a supervisor's failure to properly carry out the duties of his or her position*, see Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003); *Taylor*, 69 F.3d 76 (6th Cir. 1995); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992), such cases do not premise liability "upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Rather, in such cases, the liability stemmed from the defendants' failure to perform duties that directly affected the plaintiff's constitutional rights. *See, e.g.*, *Hill*, 962 F.2d at 1214 ("[Defendant's] failure to do his job . . . was so likely to result in the violation of the inmates'

7

constitutional rights that we find that he was deliberately indifferent to their serious medical needs.").

Therefore, in order for a subordinate's sexual assault to impute supervisor liability under *Hill*, *Leary*, or *Taylor*, Plaintiff would need to allege that she informed Lieutenants Allen and Williams that Defendant Tidwell was sexually abusing her, or that Lieutenants Allen and Williams were aware that Defendant Tidwell was sexually abusing her or other citizens, and that they failed to act in light of this information. *See Lewis v. Pugh,* 289 Fed. Appx. 767 (5th Cir. 2008); *City of Roseville*, 296 F.3d at 440; *Doe v. Claiborne, Tenn.*, 296 F.3d 495, 513 (6th Cir. 1996); *Andrews*, 98 F.3d at 1078. Plaintiff's amended complaint fails to allege that Lieutenants Allen and Williams had any knowledge of Defendant Tidwell's illicit behavior. Even if they did, "simple knowledge" of subordinate misconduct does not equate to "acquiescence" in that behavior. *Lynn*, 98 Fed. Appx. 381. In sum, supervisory liability cannot be found on the facts presented in Plaintiff's proposed amended complaint and the proposed amendment would therefore be futile.

As Plaintiff has failed to plead facts supporting a constitutional violation as to Lieutenants Allen and Williams, the second inquiry in the qualified immunity analysis need not be entertained. Accordingly, for the reasons set forth above, the Court concludes that Lieutenants Allen and Williams are entitled to qualified immunity and immune from suit.

**C. OFFICIAL CAPACITY**

Claims against law enforcement officials in their official capacities are considered claims against the municipality itself. Thus, if the municipality is named in the case, further claims against individuals in their official capacities are often dismissed as duplicative. *See Williams v. City of Saginaw*, Case Nos. 00-10241-BC, 00-10244-BC, 2002 WL 1798907, at *13 (E.D. Mich. Aug. 6,

2002) (citing cases).  As the City of Detroit is already named as a defendant, the Court finds that granting Plaintiff's motion to add Lieutenants Allen and Williams solely in their official capacities would be duplicative.

## V. CONCLUSION

As a final matter, Plaintiff's motion to leave to file excess pages or amend [dkt 29] is GRANTED to the extent that the Court has considered Plaintiff's proposed amended complaint attached to that filing.  Defendant Tidwell objected to Plaintiff's violation of the local pleading rules in his sur-reply—a filing that is also not contemplated by the local rules of pleading.  While the Court currently takes no action regarding either of these filings, all parties are hereby noticed that future violations of the local rules of pleading shall result in having the offending document stricken and sanctions may be imposed on the offending party.

The Court finds that Plaintiff has not stated a claim of a constitutional violation as to Lieutenants Allen and Williams.  Therefore, Lieutenants Allen and Williams are entitled to qualified immunity.  Furthermore, it would be duplicative to add these individuals in their official capacity at this point in the litigation.  Accordingly, Plaintiff's motion to amend complaint [dkt 16] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff                              
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2009

CERTIFICATE OF SERVICE

9

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 17, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290